## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN FOR THE DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

| | | |
|---|---|---|
| IN RE: MICHAEL KIN LAM, SR. and | : | |
| JENNIFER J. LAM a/k/a | : | CHAPTER 11 |
| JUN JIANG, | : | |
| | : | |
| DEBTORS. | : | CASE NO. 08-00856-8-JLR |
| | : | |
| AMERICAN EXPRESS BANK, FSB, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | ADVERSARY NO. |
| vs. | : | |
| | : | |
| MICHAEL K. LAM a/k/a | : | |
| MICHAEL KIN LAM, SR., | : | |
| | : | |
| DEFENDANT. | : | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

American Express Bank, FSB ("American Express"), by and through its counsel, hereby represents as follows:

1.      The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §157(a), (b)(1), (b)(2)(I) (core proceeding), §1334(b) and 11 U.S.C. §523(c).

2.      American Express is the holder of a claim against the above-captioned Defendant arising from Business Gold Rewards Card number XXXX-XXXXXX-X1000 ("Account 1").

3.      American Express is the holder of a claim against the above-captioned Defendant arising from Platinum Delta SkyMiles Card number XXXX-XXXXXX-X4007 ("Account 2").

4.      American Express is the holder of a claim against the above-captioned Defendant arising from Business Cash Rebate Card number XXXX-XXXXXX-X1000 ("Account 3).

5.      American Express is the holder of a claim against the above-captioned Defendant

arising from Hilton HHonors Platinum Card number XXXX-XXXXXX-X5003 ("Account 4").

6.      American Express is the holder of a claim against the above-captioned Defendant

arising from TrueEarnings Card number XXXX-XXXXXX-X1006 ("Account 5").

7.      The terms and conditions of the account agreements for the Accounts between the

Defendant and American Express call for payment of reasonable attorneys' fees and all costs

expended by American Express in the collection of the Accounts, which are hereby requested.

8.      On February 8, 2008, the Defendant filed a joint voluntary petition for relief under

Chapter 11 of the Bankruptcy Code.

## COUNT ONE

9.      Paragraphs 1 through 8 are repeated and incorporated herein.

10.      The Defendants opened Account 1 in July of 2006 in connection with "Michael Lam

Realty."

11.      The balance of Account 1 as of the date of the filing of the Chapter 11 petition was

$60,145.01.

12.      Between November 6, 2007 and January 8, 2008, the Defendant made one hundred

forty-one (141) charges totaling $63,986.74 for luxury goods and services on Account 1.  See Exhibit

"A" attached hereto and made a part hereof.

13.      The transactions referenced in paragraph 12 include three (3) charges totaling

$27,064.91 for jewelry/clock/silver.  See Exhibit "A" attached hereto and made a part hereof.

14.      The transactions referenced in paragraph 12 include seven (7) charges totaling

$8,840.00 for airline tickets.  See Exhibit "A" attached hereto and made a part hereof.

2

15.     The transactions referenced in paragraph 12 include twelve (12) charges totaling $5,786.93 at merchandise at various stores such as Wal Mart, TJ Maxx, Belk, and the Polo Factory Store.  See Exhibit "A" attached hereto and made a part hereof.

16.     The transactions referenced in paragraph 12 include one (1) charge in the amount of $4,540.00 at USNIGHTVISION.  See Exhibit "A" attached hereto and made a part hereof.

17.     The transactions referenced in paragraph 12 include three (3) charges totaling $3,975.31 for sporting goods.  See Exhibit "A" attached hereto and made a part hereof.

18.     The Defendant incurred all of the charges referenced in paragraph 12 for luxury goods and services on or within 90 days before the order for relief was entered in this case and therefore may be presumed to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).  See Exhibit "A" attached hereto and made a part hereof.

19.     The terms and conditions of the account agreement for the Account between the Defendants and American Express call for payment in full upon receipt of the monthly billing statements.

20.     On December 3, 2007, the Defendant submitted a payment in the amount of $41.73, which was applied to the previous balance due on Account 1 in accordance with the terms and conditions of the account agreement.

21.     On December 11, 2007, the Defendant remitted two (2) payments totaling $4,000.00 which were applied to the charges referenced in paragraph 12.  See Exhibit "A" attached hereto and made a part hereof.

22.     However, the Defendant failed to make any further payments on Account 1 towards the new charges.  See Exhibit "A" attached hereto and made a part hereof.

23.     Between November 6, 2007, and the date of filing, a late payment fee in the amount of $35.00 was applied to Account 1 due to non-payment.  See Exhibit "A" attached hereto and made a part hereof.

24.     Attached hereto as Exhibit "A" and incorporated herein by reference are photocopies of the account statements for Account 1 that are prepared by the Plaintiff in the regular course of business.  These account statements were created from transactions reported to the Plaintiff at the time debits and credits were submitted to the Plaintiff by establishments and/or when payments were received from the cardholder and have been redacted to remove the full account number, advertising pages and other pages reflecting no account information.

25.     The Debtors' schedules and Statement of Financial Affairs reflect insufficient income and assets from which the Defendants reasonable could have expected to repay American Express.

26.     According to the Debtor's Schedule F, "Creditors Holding Unsecured Nonpriority Claims," filed with the Court, the Defendant has unsecured, nonpriority debt totaling $716,070.01, of which $313,882.31 appears to be credit/charge card debt.

27.     According to the Debtors' Schedule I, "Current Income of Individual Debtor(s)", filed with the Court, the Defendant has a current monthly net household income of $11,215.00.

28.     According to the Debtors' Schedule J, "Current Expenditures of Individual Debtor(s)," filed with the Court, the Defendant has current monthly household expenses of $32,076.58, exclusive of payments required to service his credit/charge card debt.

29.     The Defendant has a certain level of financial sophistication as evidenced by his self employment as a real estate developer and restaurant manager, his usage and maintenance of several credit/charge cards and the ownership of several motor vehicles and real property.

30.     The charges identified in paragraph 12 represent a drastic, sudden change in the Defendant's spending habits.

31.     The Defendant made multiple charges on the same day on Account 1.  See Exhibit "A" attached hereto and made a part hereof.

32.     The charges identified in paragraph 12 were incurred for luxury goods and services, and were not necessities.  See Exhibit "A" attached hereto and made a part hereof.

33.     Based on the totality of the circumstances, American Express avers that the Defendant incurred the balance of the Account without the intent to repay it.

34.     The Defendant incurred the balance of Account 1 with the knowledge of his inability to repay the debt.

35.     The Defendant made false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

36.     American Express justifiably relied on the Defendant's false representations of intent to repay.

37.     As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $60,195.01 on Account 1.

38.     The Defendants incurred the balance of Account 1 through false pretenses, a false representation, or actual fraud.

39.     For the foregoing reasons, the balance of Account 1 is presumed to be nondischargeable pursuant to 11 U.S.C §523(a)(2)(C).

40.     For the foregoing reasons, the balance of Account 1 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

<u>COUNT TWO</u>

41.     Paragraphs 1 through 40 are hereby repeated and incorporated.

42.     The Defendant opened Account 2 in August of 2003 in connection with "Michael

5

Lam Realty."

43.     The balance of Account 2 as of the date of the filing of the Chapter 11 petition was $43,467.18.

44.     Between October 16, 2007 and December 11, 2007, the Defendant made one hundred nine (109) transactions totaling $7,648.11 for goods and/or services on Account 2.  See Exhibit "B" attached hereto and made a part hereof.

45.     The transactions referenced in paragraph 44 include eight (8) charges totaling $1,032.70 at Wal Mart.  See Exhibit "B" attached hereto and made a part hereof.

46.     The Defendant incurred fifty-one (51) of the charges totaling $4,578.23 on or within 90 days before the order for relief was entered in this case and therefore may be presumed to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).  See Exhibit "B" attached hereto and made a part hereof.

47.     Between October 16, 2007, and the date of the filing of the petition five (5) credits totaling $40.59 were applied to Account 2 for returned merchandise.  See Exhibit "B" attached hereto and made a part hereof.

48.     The terms and conditions of the account agreement for Account 2 between the Defendants and American Express call for a minimum payment upon receipt of the monthly billing statements.

49.     On November 9, 2007, the Defendant remitted a payment in the amount of $690.00, which was applied to the previous balance due on Account 2.  See Exhibit "B" attached hereto and made a part hereof.

50.     After incurring the transactions referenced in paragraph 44, the Defendant made only one payment in the amount of $787.00 toward the new charges incurred on Account 2.  See Exhibit "B" attached hereto and made a part hereof.

6

51.     Between October 16, 2007, and the date of filing, late payment fees, finance charges, and overlimit fees totaling $2,674.00 were applied to Account 2 due to non-payment.  See Exhibit "B" attached hereto and made a part hereof.

52.     Attached hereto as Exhibit "B" and incorporated herein by reference are photocopies of the account statements for Account 2 that are prepared by the Plaintiff in the regular course of business.  These account statements were created from transactions reported to the Plaintiff at the time debits and credits were submitted to the Plaintiff by establishments and/or when payments were received from the cardholder and have been redacted to remove the full account number, advertising pages and other pages reflecting no account information.

53.     Each time the Defendant made a charge on Account 2, he made an implied representation to American Express as to his intent to repay the debt in accordance with the terms and conditions of the account agreement.

54.     American Express avers that the Defendant obtained the luxury goods and services through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

55.     The Defendant's schedules and Statement of Financial Affairs reflect insufficient income and assets from which he reasonably could have expected to repay American Express.

56.     The Defendant incurred $10,322.11 of the balance of Account 2 with the knowledge of his inability to repay the debt.

57.     The Defendant made multiple charges on the same day.  See Exhibit "B" attached hereto and made a part hereof.

58.     The Defendant has a certain level of financial sophistication as evidenced by his self employment as a real estate developer and restaurant manager, his usage and maintenance of several credit/charge cards and the ownership of several motor vehicles and real property.

59.     The charges identified in paragraph 44 were incurred for luxury goods and services, and were not necessities.

60.     Based on the totality of the circumstances, American Express avers that the Defendant incurred $10,322.11 of the balance of Account 2 without the intent to repay it.

61.     The Defendant made false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

62.     American Express justifiably relied on the Defendant's false representations of intent to repay.

63.     As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $10,322.11 on Account 2.

64.     The Defendants incurred $10,322.11 of the balance of Account 2 through false pretenses, a false representation, or actual fraud.

65.     For the foregoing reasons, $4,578.23 of the balance of Account 2 is presumed to be nondischargeable pursuant to 11 U.S.C §523(a)(2)(C).

66.     For the foregoing reasons, $10,322.11 of the balance of Account 2 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**COUNT THREE**

67.     Paragraphs 1 through 66 are hereby repeated and incorporated.

68.     The Defendant opened Account 3 in April of 2006 in connection with "Deep Water Land Dev."

69.     The balance of Account 3 as of the date of the filing of the Chapter 11 petition was $17,148.88.

70.    On December 5, 2007, the Defendant drew Check #4110 to Wei Jiang in the amount of $5,200.00 on Account 2.  See Exhibit "C" attached hereto and made a part hereof.

71.    The Defendant incurred the transaction referenced in paragraph 70 on or within 90 days before the order for relief was entered in this case and therefore may be presumed to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).  See Exhibit "C" attached hereto and made a part hereof.

72.    Between December 5, 2007, and the date of the filing of the petition one (1) credit in the amount of $100.40 was applied to Account 3 for returned merchandise.  See Exhibit "C" attached hereto and made a part hereof.

73.    The terms and conditions of the account agreement for Account 3 between the Defendants and American Express call for a minimum payment upon receipt of the monthly billing statements.

74.    After incurring the transaction referenced in paragraph 70, the Defendant failed to remit any payments toward the new transactions incurred on Account 3.  See Exhibit "C" attached hereto and made a part hereof.

75.    Between December 5, 2007, and the date of filing, late payment fees and finance charges totaling $735.38 were applied to Account 3 due to non-payment.  See Exhibit "C" attached hereto and made a part hereof.

76.    Attached hereto as Exhibit "C" and incorporated herein by reference are photocopies of the account statements for Account 3 that are prepared by the Plaintiff in the regular course of business.  These account statements were created from transactions reported to the Plaintiff at the time debits and credits were submitted to the Plaintiff by establishments and/or when payments were received from the cardholder and have been redacted to remove the full account number, advertising pages and other pages reflecting no account information.

9

77.     When the Defendant drew the check on Account 3, he made an implied representation to American Express as to his intent to repay the debt in accordance with the terms and conditions of the account agreement.

78.     American Express avers that the Defendant obtained the goods, services and/or cash through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

79.     The Defendant's schedules and Statement of Financial Affairs reflect insufficient income and assets from which he reasonably could have expected to repay American Express.

80.     The Defendant incurred $5,935.38 of the balance of Account 3 with the knowledge of his inability to repay the debt.

81.     The Defendant has a certain level of financial sophistication as evidenced by his self employment as a real estate developer and restaurant manager, his usage and maintenance of several credit/charge cards and the ownership of several motor vehicles and real property.

82.     The check identified in paragraph 70 was incurred for goods, services and/or cash and was not a necessity.

83.     Based on the totality of the circumstances, American Express avers that the Defendant incurred $5,935.38 of the balance of Account 3 without the intent to repay it.

84.     The Defendant made false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

85.     American Express justifiably relied on the Defendant's false representations of intent to repay.

86.     As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $5,935.38 on Account 3.

10

87.     The Defendants incurred $5,935.38 of the balance of Account 3 through false pretenses, a false representation, or actual fraud.

88.     For the foregoing reasons, $5,935.38 of the balance of Account 3 is presumed to be nondischargeable pursuant to 11 U.S.C §523(a)(2)(C).

89.     For the foregoing reasons, $5,935.38 of the balance of Account 3 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**COUNT FOUR**

90.     Paragraphs 1 through 89 are hereby repeated and incorporated.

91.     The Defendant opened Account 4 in July of 2000.

92.     The balance of Account 4 as of the date of the filing of the Chapter 11 petition was $12,551.18.

93.     Between December 5, 2007 and January 11, 2008, the Defendant made seven (7) transactions totaling $11,820.55 for goods, services, and/or cash on Account 4.  See Exhibit "D" attached hereto and made a part hereof.

94.     The transactions referenced in paragraph 93 include Check #3001 drawn to Wei Jiang in the amount of $11,500.00.  See Exhibit "D" attached hereto and made a part hereof.

95.     The Defendant incurred all of the transactions referenced in paragraph 93 on or within 90 days before the order for relief was entered in this case and therefore may be presumed to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).  See Exhibit "D" attached hereto and made a part hereof.

96.     The terms and conditions of the account agreement for Account 4 between the Defendants and American Express call for a minimum payment upon receipt of the monthly billing statements.

11

12

97.    After incurring the transaction referenced in paragraph 93, the Defendant failed to remit any payments toward the new transactions incurred on Account 4.  See Exhibit "D" attached hereto and made a part hereof.

98.    Between December 5, 2007, and the date of filing, late payment fees and finance charges totaling $730.63 were applied to Account 4 due to non-payment.  See Exhibit "D" attached hereto and made a part hereof.

99.     Attached hereto as Exhibit "D" and incorporated herein by reference are photocopies of the account statements for Account 4 that are prepared by the Plaintiff in the regular course of business.  These account statements were created from transactions reported to the Plaintiff at the time debits and credits were submitted to the Plaintiff by establishments and/or when payments were received from the cardholder and have been redacted to remove the full account number, advertising pages and other pages reflecting no account information.

100.    When the Defendant incurred the transactions referenced in paragraph 93, he made an implied representation to American Express as to his intent to repay the debt in accordance with the terms and conditions of the account agreement.

101.    American Express avers that the Defendant obtained the goods, services and/or cash through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

102.    The Defendant's schedules and Statement of Financial Affairs reflect insufficient income and assets from which he reasonably could have expected to repay American Express.

103.    The Defendant incurred the balance of Account 4 with the knowledge of his inability to repay the debt.

104.    The Defendant has a certain level of financial sophistication as evidenced by his self employment as a real estate developer and restaurant manager, his usage and maintenance of several credit/charge cards and the ownership of several motor vehicles and real property.

105.    The transactions identified in paragraph 93 were incurred for goods, services and/or cash and were not necessities.

106.    Based on the totality of the circumstances, American Express avers that the Defendant incurred the balance of Account 4 without the intent to repay it.

13

107.    The Defendant made false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

108.    American Express justifiably relied on the Defendant's false representations of intent to repay.

109.    As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $12,551.18 on Account 4.

110.    The Defendants incurred the balance of Account 4 through false pretenses, a false representation, or actual fraud.

111.    For the foregoing reasons, the balance of Account 4 is presumed to be nondischargeable pursuant to 11 U.S.C §523(a)(2)(C).

112.    For the foregoing reasons, the balance of Account 4 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## COUNT FIVE

113.    Paragraphs 1 through 112 are hereby repeated and incorporated.

114.    The Defendant opened Account 5 in July of 2006.

115.    The balance of Account 5 as of the date of the filing of the Chapter 11 petition was $12,452.47.

116.    Between November 19, 2007 and January 24, 2008, the Defendant made thirty-one (31) transactions totaling $9,336.56 for goods, services, and/or cash on Account 5.  See Exhibit "E" attached hereto and made a part hereof.

117.    The transactions referenced in paragraph 116 include Check #3004 drawn to Wei Jiang in the amount of $8,100.00.  See Exhibit "E" attached hereto and made a part hereof.

14

118.    The Defendant incurred all of the transactions referenced in paragraph 116 on or within 90 days before the order for relief was entered in this case and therefore may be presumed to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).  See Exhibit "E" attached hereto and made a part hereof.

119.    The terms and conditions of the account agreement for Account 5 between the Defendants and American Express call for a minimum payment upon receipt of the monthly billing statements.

120.    On December 4, 2007, the Defendant remitted a payment in the amount of $87.00 which was applied to the previous balance due on Account 5.  See Exhibit "E" attached hereto and made a part hereof.

121.    However, after incurring the transaction referenced in paragraph 116, the Defendant failed to remit any payments toward the new transactions incurred on Account 5.  See Exhibit "E" attached hereto and made a part hereof.

122.    Between November 19, 2007, and the date of filing, late payment fees and finance charges totaling $468.80 were applied to Account 5 due to non-payment.  See Exhibit "E" attached hereto and made a part hereof.

123.    Attached hereto as Exhibit "E" and incorporated herein by reference are photocopies of the account statements for Account 5 that are prepared by the Plaintiff in the regular course of business.  These account statements were created from transactions reported to the Plaintiff at the time debits and credits were submitted to the Plaintiff by establishments and/or when payments were received from the cardholder and have been redacted to remove the full account number, advertising pages and other pages reflecting no account information.

124.    When the Defendant incurred the transactions referenced in paragraph 116, he made an implied representation to American Express as to his intent to repay the debt in accordance with the terms and conditions of the account agreement.

125.    American Express avers that the Defendant obtained the goods, services and/or cash through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

126.    The Defendant's schedules and Statement of Financial Affairs reflect insufficient income and assets from which he reasonably could have expected to repay American Express.

127.    The Defendant incurred $9,805.36 of the balance of Account 5 with the knowledge of his inability to repay the debt.

128.    The Defendant has a certain level of financial sophistication as evidenced by his self employment as a real estate developer and restaurant manager, his usage and maintenance of several credit/charge cards and the ownership of several motor vehicles and real property.

129.    The transactions identified in paragraph 116 were incurred for goods, services and/or cash and were not necessities.

130.    Based on the totality of the circumstances, American Express avers that the Defendant incurred $9,805.36 of the balance of Account 5 without the intent to repay it.

131.    The Defendant made false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

132.    American Express justifiably relied on the Defendant's false representations of intent to repay.

133.    As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $9,805.36 on Account 5.

16

134.    The Defendants incurred $9,805.36 of the balance of Account 5 through false

pretenses, a false representation, or actual fraud.

135.    For the foregoing reasons, $9,805.36 of the balance of Account 5 is presumed to be

nondischargeable pursuant to 11 U.S.C §523(a)(2)(C).

136.    For the foregoing reasons, $9,805.36 of the balance of Account 5 is nondischargeable

pursuant to 11 U.S.C. §523(a)(2)(A).


WHEREFORE, American Express prays this Honorable Court for a nondischargeable

judgment against the Defendants in the amount of $98,809.04, plus interest, attorneys' fees and costs,

or any other such relief as the Court may deem appropriate.


Respectfully submitted,
Attorneys for Plaintiff



Dated:  5/12/08                    By:  s/_____

B. Perry Morrison, Bar #16376
MORRISON LAW FIRM, P.L.L.C.
P.O. Box 2046
Wilson, NC  27894-2046
Telephone: (252) 243-1003
Facsimile: (252) 243-1004

Kenneth W. Kleppinger
BECKET & LEE, LLP
16 General Warren Blvd.
P.O. Box 3001
Malvern, PA  19355
Telephone: (610) 644-7800
Facsimile: (610) 993-8493